IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAIZAN AHMED, JUNAID AHMED, SYED HUSSAINI, ZUBAIR MOHAMMED, and MOHAMMED MOHIUDDIN, on behalf of themselves and a class and collective of similarly situated others,<br><br>Plaintiffs,<br><br>v.<br><br>SCARLET WIRELESS, INC., and ALFA TELECOM, LLC.<br><br>Defendants. | Case No. 23-cv-15571 |

**COMPLAINT FOR UNPAID WAGES AND OVERTIME
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
29 U.S.C. §201 *ET SEQ.*
AND OTHER LAWS**

Plaintiffs, Faizan Ahmed, Junaid Ahmed, Syed Hussaini, Zubair Mohammed, and Mohammed Mohiuddin, on behalf of themselves and a collective and class of similarly situated others, by and through their attorney, Aaron B. Maduff, of Barrett & Farahany, complains against the Scarlet Wireless, Inc. and Alfa Telecom, LLC, as follows:

**Introduction**

1. Plaintiffs were employed by Defendants as "drive testers." Plaintiffs' job was to test cellular telephone towers. Defendants brought Plaintiffs to an area (often far from home) provide hotel rooms and provide them with a vehicle and a host of computer equipment with which

they drive around a particular area testing cell tower signals. Plaintiffs typically work 13–20-hour days.

2. Plaintiffs were also required to go to wherever the company was storing its vehicles to get the company car at the beginning of a project and drive it cross country to the area where the work would be done. For drive testers based in Chicago, this could be in such distant places as *inter alia* Utah, Pennsylvania, Ohio, West Virginia, Washington D.C., and Maryland which often required several days of driving. For drive testers based elsewhere it could be further.

3. The work is done on Defendants' equipment in Defendants' vehicles, on Defendants' schedule. Plaintiffs are employees under the economic realities test. But Defendants misclassify these employees as independent contractors.

4. Defendants only pay Plaintiffs by shifts of eight hours irrespective of the number of hours worked. Sometimes drive testers would work double shifts and Defendants would pay for only one shift (i.e., eight hours.) Defendants failed to pay drive testers for the time preparing the equipment before each first shift, unplugging and storing the equipment at the end of each second shift, or travel time to the locations. As a result, Defendants fail to pay Plaintiffs and a class and collective of similarly situated others for all time worked and fail to pay overtime premiums due.

**Parties**

5. Plaintiff, Faizan Ahmed, (hereinafter "Faizan") is a permanent resident of the United States of America and of the State of Illinois was working for an employer and was based in the State of Illinois. Faizan was at all times relevant to this complaint an employee as that term

is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), and the Chicago Minimum Wage Law Chapter 6-105-010.

6. Plaintiff, Junaid Ahmed, (hereinafter "Junaid") is a resident of the United States of America and of the State of Illinois, was working for an employer, and was based in the State of Illinois. Junaid was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), the Cook County Minimum Wage Ordinance, the Chicago Minimum Wage Law Chapter 6-105-010, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

7. Plaintiff, Syed Hussani, (hereinafter "Sayed") is a citizen and resident of the United States of America and of the State of Illinois, was working for an employer, and was based in the State of Illinois. Jamaal was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), the Cook County Minimum Wage Ordinance, the Chicago Minimum Wage Law Chapter 6-105-010, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

8. Plaintiff, Zubair Mohammed, (hereinafter "Zubair") is a citizen and resident of the United States of America and of the State of Illinois, was working for an employer, and was based in the State of Illinois. Faizan was at all times relevant to this complaint an employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), the Cook County Minimum Wage Ordinance, the Chicago Minimum Wage Law Chapter 6-105-010, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

9. Plaintiff, Mohammed Mohiuddin, (hereinafter "Mohammed") is a citizen and resident of the United States of America and of the State of Illinois, was working for an employer, and was based in the State of Illinois. Mohammed was at all times relevant to this complaint an

employee as that term is defined by 29 U.S.C. §203(e), Illinois Minimum Wage Law, 820 ILCS 105/3(d), the Cook County Minimum Wage Ordinance, the Chicago Minimum Wage Law Chapter 6-105-010, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

10. Defendant, Scarlet Wireless, Inc. (hereinafter "Scarlet") is a Texas corporation on information and belief licensed and doing business in the State of Illinois.

11. Defendant, Alfa Telecom, LLC (hereinafter "Alfa") is a Texas corporation on information and belief licensed and doing business in the State of Illinois.

12. Defendants Scarlet and Alfa are and were at all relevant times joint employers and are jointly referred to herein as "Defendant" or "the Company."

## Jurisdiction

13. This court has original jurisdiction of this civil action pursuant to 28 U.S.C.§ 1331 in that the claims of this Complaint arise under the United States Fair Labor Standards Act, 42 U.S.C. §201, *et seq*. This court has supplemental jurisdiction over the State claims alleged herein in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C.§ 1367.

## Venue

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District and a significant portion of the acts giving rise to this complaint occurred in this District.

**Facts**

Scarlet and Alfa

15. Scarlet handled the work described in this complaint.

16. Scarlet would only pay employees if they were U.S. Citizens.

17. Employees who were not U.S. Citizens did work for Scarlet but were paid by Alfa. On information and belief, Scarlet then paid Alfa for use of those employees.

Scarlet's Business

18. Scarlet provides a number of services in the cellular telephone world including network design and optimization, RF data collection, ground deployment, and in-building DAS and small cells.

19. As part of their RF data collection work, the Company, uses state-of-the art testing software and optimization tools to enable their clients to achieve the most from their wireless spectrum.

20. In particular, Defendant's RF engineers perform work using drive testing equipment owned by or licensed to Scarlet and/or Alfa including cell phones, scanners, and software (TEMS Paragon, Ookla, and Wind.)

Plaintiffs and Their Job

21. Plaintiffs are members of the "RF engineering team" who perform "drive testing."

22. Plaintiffs job is to drive vehicles owned by Defendant which contain the aforementioned state-of-the-art equipment through various cellular tower cells to test the towers.

23. Often Plaintiffs (and other drive testers) will be taken outside of their home areas to perform the testing.

24. This requires travel from them for which they are not paid.

25. They are then housed at a hotel at or near the testing area.

26. Before the start of the shift, the test driver is required to gather the equipment from where it is stored in the hotel, bring it to the vehicle, connect the computers and generally prepare them for the day.

27. This work takes roughly half an hour.

28. The drive tester then begins his shift and works until completing the assigned cluster or assigned sites.

29. This was rarely completed in eight hours.

Plaintiff's Pay

30. Drive testers are paid eight hours for each shift or set of assigned sites.

31. (Sometimes, if they worked more than one shift, they were paid for one.)

32. They are treated as independent contractors.

33. No taxes are withheld from their pay.

34. They are not paid for the time it takes to travel to and from destinations away from their home.

Collective Allegations

35. Plaintiffs bring this action on behalf of themselves and a collective defined as "all drive testers working for Defendant since November 1, 2020."

36. The claims of all putative members of the collective are similar and reflected in the allegations provided in paragraphs 1-4 and 11-36 herein.

Class Allegations

37. Plaintiffs bring this action on behalf of the following class: "A class consisting of "all drive testers working for Defendant since November 1, 2020 who worked in Illinois," and a subclass consisting of "all drive testers working for Defendant since November1, 2020 who worked in the City of Chicago."

38. On information and belief, the proposed class exceeds 50 drive testers.

39. There are questions of law or fact common to the class, which common questions predominate over questions affecting only individual members. In particular these questions include *inter alia*:

    a. Whether the drive testers were misclassified as independent contractors when in fact, under the economic realities test they were employees;

    b. The procedures for doing the work;

    c. The procedures for travel; and

    d. The procedures for paying the drive testers.

40. The individual Plaintiffs herein who seeks to represent the classes will fairly and adequately protect the interests of the classes. They are knowledgeable about the problem and are capable of providing facts and testimony on behalf of the class.

41. The undersigned counsel has class action experience and will provide the necessary expertise to represent the class.

42. Moreover, prosecuting separate actions could result in varying adjudications with respect to individual class members and could create inconsistent results.

43. Defendant continues to operate in violation of the law and order of Court is required to create consistency as to how all future drive testers are to be treated.

44. The common questions of law and fact so predominate over any potential questions affecting individual members that a class action is the superior method of adjudicate this controversy over all others.

## COUNT I

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE THE UNITED STATES FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §201 *ET SEQ.*

45. Plaintiffs for themselves and for a collective of similarly situated others restates and realleges paragraphs 1 through 36 as paragraph 45 of this Count I.

46. By virtue of the foregoing, Plaintiffs and members of the putative collective have been misclassified as independent contractors in violation of the United States Fair Labor Standards Act.

47. By virtue of the foregoing, Plaintiffs and members of the putative collective have not been paid for all hours worked.

48. By virtue of the foregoing, Plaintiffs and members of the putative collective have not been paid their half time premiums for hours worked over 40 in violation of the United States Fair Labor Standards Act.

49. By virtue of the foregoing, Defendants have intentionally misled Plaintiffs and members of the putative collective in misclassifying them in intentional and reckless disregard of their rights under the United States Fair Labor Standards Act.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

a) Certification of a collective defined as "all drive testers employed by Scarlett Wireless, Inc., and/or Alfa Telecom, LLC, at any time since November 1, 2020," pursuant to 29 U.S.C. §216(b);

b) Expedited discovery sufficient to permit Plaintiffs herein to provide notice to putative members of the collective;

c) Expedited notice to members of the putative collective;

d) Judgment in their favor and in favor of the members of the collective declaring that they were misclassified in violation of the Fair Labor Standards Act;

e) Judgement in their favor and in favor of the members of the collective declaring that they were not properly paid for all hours worked and not properly paid all overtime premiums owed in violation of the Fair Labor Standards Act.

f) An award of all wages and overtime premiums showed to be owed;

g) Liquidated damages in the same amount of all wages and overtime premiums showed to be owed;

h) Injunctive relief requiring Defendants to treat drive testers as employees and pay them consistent with the dictates of the United States Fair Labor Standards Act, 29 U.S.C. §207;

i) An award to Plaintiff and the class of their reasonable attorneys' fees and costs; and

j) Such other relief as this court deems just.

## COUNT II

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE ILLINOIS MINIMUM WAGE LAW

50. Plaintiffs for themselves and for a class of similarly situated others restates and realleges paragraphs 1 through 34 and 37 through 44 as paragraph 50 of this Count II.

51. By virtue of the foregoing, Plaintiffs and members of the putative class have been misclassified as independent contractors in violation of the Illinois Minimum Wage Law.

52. By virtue of the foregoing, Plaintiffs and members of the putative class have not been paid for all hours worked.

53. By virtue of the foregoing Plaintiffs and members of the putative class have not been paid their half time premiums for hours worked over 40 in violation of the Illinois Minimum Wage Law.

54. By virtue of the foregoing, Defendants have intentionally misled Plaintiffs and members of the putative class in misclassifying them in intentional and reckless disregard of their rights under the Illinois Minimum Wage Law warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

      a)      Certification of a class defined as "all drive testers employed by Scarlett Wireless, Inc., and/or Alfa Telecom, LLC, at any time since November 1, 2020,"

      b)      Judgment in their favor and in favor of the members of the classes declaring that they were misclassified in violation of the Illinois Minimum Wage Law;

      c)      Judgement in their favor and in favor of the members of the class declaring that they were not properly paid for all hours worked and not properly paid all overtime premiums owed in violation of the Illinois Minimum Wage Law.

      d)      An award of wages for all hours worked, and overtime premiums showed to be owed;

      e)      Treble damages of all wages and overtime premiums showed to be owed;

      f)      Punitive damages of 5% of the underpayment as provided by the statute;

      g)      Injunctive relief requiring Defendant to treat drive testers working in Illinois as employees and pay then consistent with the dictates of the Illinois Minimum Wage Law.

      h)      An award to Plaintiff and the class of their reasonable attorneys' fees and costs; and

      i)      Such other relief as this court deems just.

## COUNT III

## DEMAND FOR RELIEF FOR VIOLATIONS OF THE
## CHICAGO MINIMUM WAGE ORDINANCE

55. Plaintiffs for themselves and for a subclass of similarly situated others restates and realleges paragraphs 1 through 34 and 37 through 44 as paragraph 55 of this Count III.

56. By virtue of the foregoing, Plaintiffs and members of the putative class have been misclassified as independent contractors in violation of the Chicago Minimum Wage Ordinance.

57. By virtue of the foregoing, Plaintiffs and members of the putative class have not been paid for all hours worked and all their half time premiums for hours worked over 40 in violation of the Chicago Minimum Wage Ordinance.

WHEREFORE, Plaintiffs Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad respectfully request that this Honorable Court enter an order award the following relief:

a) Certification of a class defined as "all drive testers employed by Scarlett Wireless, Inc., and/or Alfa Telecom, LLC, at any time since November 1, 2020";

b) An award of all wages and overtime premiums showed to be owed;

c) Treble damages of all overtime premiums showed to be owed as required by the Chicago Minimum Wage Ordinance;

d) Injunctive relief requiring Defendants to treat drive testers working in Chicago as employees and pay them consistent with the dictates of the Chicago Minimum Wage Ordinance.

e) An award to Plaintiff and the class of their reasonable attorneys' fees and costs; and

      f)      Such other relief as this court deems just.

Respectfully submitted,

Faizan Ahmed, Jamaal Aljaidi, Syed Hussani, And Zubair Mohammad on behalf of themselves and others similarly situated,

By: s/ *Aaron B. Maduff*
Their Attorney

Aaron B. Maduff
Atty. No. 6226932
Barrett & Farahany
77 W Wacker Dr.
Suite 4500
Chicago, IL 60601
(312) 800-8581
Aaron@justiceatwork.com