**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FAIZAN AHMED, et al.,

       Plaintiffs,

          v.

ABID ABEDI, et al.,

       Defendants.

Case No. 23-cv-15571

Judge Martha M. Pacold

**MEMORANDUM OPINION AND ORDER**

Defendant Abid Abedi's motion to dismiss [89][1] is stricken, subject to refiling after the completion of jurisdictional discovery.

**LEGAL STANDARDS**

The instant motion is, in part, to dismiss under Fed. R. Civ. P. 12(b)(2) for want of personal jurisdiction. On this posture, the court takes plaintiffs' well-pleaded factual allegations as true, drawing all reasonable inferences in their favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At this stage, plaintiffs' burden is to make out a *prima facie* case for personal jurisdiction over defendant Abedi. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877 (7th Cir. 2006).

This motion is also, in part, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for the failure to state a claim. But "[a] ruling under Rule 12(b)(6) concerns the merits." *Brownback v. King*, 592 U.S. 209, 216–17 (2021). And courts may not make merits judgments when they lack jurisdiction over a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see also Brownback*, 592 U.S. at 218. Thus, the court strikes defendant's motion to dismiss under Rule 12(b)(6), with leave to refile until the court determines whether it has personal jurisdiction over defendant Abedi.

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

## BACKGROUND AND ANALYSIS

Plaintiffs are laborers in Illinois who worked for defendant Scarlet Wireless, Inc. [77] at 1–2. They worked as "drive testers" whose jobs "were to test cellular phone towers." *Id.* Scarlet is incorporated in Texas. *Id.* at 10. Defendant Abedi is alleged to be the "sole owner, CEO, and founder" of Scarlet. *Id.* ¶ 48(a). Plaintiff does not allege that Abedi ever worked in Illinois or otherwise entered Illinois on behalf of Scarlet.

This dispute is a collective action under the Fair Labor Standards Act. *See* 29 U.S.C. § 201 *et seq*. The basic thrust of plaintiffs' claims is that they, and others, were "misclassified as independent contractors," and thereby were "not . . . paid for all hours worked," "in violation of the of the" FLSA. [77] ¶¶ 52–53.

But plaintiffs have not just sued the company that hired them in Illinois—they have also sued its CEO, defendant Abedi. To entertain plaintiffs' suit against Abedi, the court must possess personal jurisdiction, which is a requirement that stems from the Due Process Clause of the Fourteenth Amendment, over him. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). To establish specific personal jurisdiction[2] over Abedi, it is not enough to allege that Abedi (who plaintiffs do not claim ever stepped foot in Illinois) made decisions that impact people in Illinois. *See, e.g.*, *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *In re Sheehan*, 48 F.4th 513, 524 (7th Cir. 2022). Rather, plaintiffs must allege facts to support that defendant (1) engaged in "intentional conduct"; that was (2) "expressly aimed at [Illinois]"; and (3) that he had "knowledge that the effects" of his actions "would be felt—that is, the plaintiff[s] would be injured—in [Illinois]." *Felland v. Clifton*, 682 F.3d 665, 674–75 (7th Cir. 2012) (quotation omitted).

Again, at this stage of litigation, plaintiffs need only allege a *prima facie* case that they satisfy that test. *See Cent. States, Se.*, 440 F.3d at 877. Here they have done so. They allege that "Abedi" "exercise[es] exclusive control over all significant business decisions and operations" including "structur[ing] and operat[ing] Scarlet to evade wage and other legal obligations by" "[m]isclassifying employees as contractors," among other things. [77] ¶¶ 48(a)–(b). They also allege that Abedi "[h]ad the power to hire and fire employees," that he "[d]etermined the rate and method of payment for employees," and that he "[m]ade the decision to misclassify drive testers," like plaintiffs, "as independent contractors." *Id.* ¶ 14. Because Scarlet does business in Illinois, the fair implication from those allegations is that Abedi directed the misclassification of employees in Illinois. And if he did, that would be "intentional conduct" "expressly aimed at" Illinois with the "knowledge that the effects" of misclassification "would be felt" in Illinois. *Felland*, 682 F.3d at 674–75.

---

[2] This is contrasted with general personal jurisdiction, which plaintiffs have not alleged. [93] at 6–7.

That said, the information in the complaint is sparse and relatively general. There are no specific examples of any employment decisions made in Illinois. Thus, the court is left with some concerns about whether the exercise of jurisdiction comports with due process. Accordingly, the court finds it to be appropriate to order limited jurisdictional discovery on defendant Abedi's corporate decision making and whether it is sufficiently connected to Illinois. *See Cent. States, Se.*, 440 F.3d at 877.

Limited jurisdictional discovery will also help address a second legal issue concerning personal jurisdiction. Defendant Abedi has pointed out that *even when* the federal constitution might permit exercising jurisdiction over a defendant, a state-law doctrine called the "fiduciary shield rule" might prohibit exercising jurisdiction. *Hardin Roller Corp. v. Universal Printing Mach., Inc.*, 236 F.3d 839, 842 (7th Cir. 2001).

While it is a state-law doctrine, the fiduciary shield doctrine is nevertheless relevant to this case. Under Fed. R. Civ. P. 4(k)(1)(A), this court has personal jurisdiction over defendant if defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Thus, the court must ask whether Abedi would be subject to Illinois's jurisdiction. And because Illinois applies the fiduciary shield doctrine, *see, e.g.*, *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994), that means the court is obligated to do so too.

In broad strokes, the fiduciary shield doctrine "denies personal jurisdiction over an individual whose" "activity in the state in which the suit is brought w[as] solely on behalf of his employer or other principal," even when the exercise of jurisdiction would not offend the federal constitution. *Id.* As the Illinois Supreme Court has explained, where a person's "conduct in Illinois was a product of, and was motivated by, his employment situation and not his personal interests," the fiduciary shield doctrine applies because "it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *Rollins v. Ellwood*, 565 N.E.2d 1302, 1318 (Ill. 1990).

The doctrine applies where a state would extend "protection from individual-capacity actions" as a matter of corporate law. *Hardin*, 236 F.3d at 843. Correspondingly, the doctrine does not apply where the state would not extend protection from individual-capacity actions. For example, in Illinois the "shield is withdrawn if the [corporate] agent was acting also or instead on his own behalf." *Rice*, 38 F.3d at 912 (citing *Rollins*, 565 N.E.2d at 1318). That tracks the veil-piercing doctrine in corporate law, which is one scenario where the limited liability afforded by the corporate form does not apply. *See, e.g.*, *In re Rehab. of Centaur Ins. Co.*, 632 N.E.2d 1015, 1017–18 (Ill. 1994). Where a corporate officer vitiates the corporate-individual distinction such that the officer *just is* the company "for practical purposes," the Seventh Circuit has recognized the inapplicability of the fiduciary shield doctrine. *Hardin*, 236 F.3d at 843; *see also YKK USA, Inc. v. Baron*, 976 F. Supp. 743, 747 (N.D. Ill. 1997).

In this case, there are at least two reasons to think that Illinois would not extend protection via the fiduciary shield doctrine from the individual-capacity action brought against Abedi. But whether either of those reasons applies requires more fact finding, so jurisdictional discovery is necessary.

To start, neither Illinois nor the Seventh Circuit has explored the specific question of whether the fiduciary shield doctrine applies to suits, like this one, against corporate executives for FLSA violations. But it is this court's guess that the doctrine does not apply if liability for executives under the FLSA lies. *See Hardin*, 236 F.3d at 843 (making a state-law guess about the applicability of the fiduciary shield rule).

Executives appear not to be shielded from personal liability for the misclassification of employees. The FLSA subjects certain statutorily defined "employers" to liability for failing to pay those workers statutorily defined as "employees" for overtime work. 29 U.S.C. § 207. "Under the FLSA, an 'employer' is defined broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" *Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (quoting 29 U.S.C. § 203). Thus, "[t]he FLSA" appears to "contemplate[] liability against not only the corporation owing the overtime compensation but also the individual corporate officers." *Id*. And that means plaintiffs might have a valid claim against defendant Abedi for misclassification. If the FLSA does contemplate such liability, because Abedi would not be afforded "protection from [an] individual-capacity" FLSA claim under federal law, the court's prediction is that Illinois would not apply the fiduciary shield doctrine. *Hardin*, 236 F.3d at 843; *see also Rice*, 38 F.3d at 912 (citing *Rollins*, 565 N.E.2d at 1318).[3]

But the court is faced with a slight roadblock to making a definitive determination about this issue. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Solis*, 819 F. Supp. 2d at 748 (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir.1991)). But the Seventh Circuit has not yet addressed the issue, so it is unclear whether individual-capacity actions under the FLSA are permitted. And personal jurisdiction, in light of the fiduciary shield doctrine, is intertwined with individual-capacity liability under the FLSA. So the court, in answering whether the fiduciary shield doctrine applies, and thereby whether it has personal jurisdiction over Abedi, will need to determine whether the FLSA provides for individual capacity suits. But before the court gets there, more factual information

---

[3] If the FLSA contemplates such liability, the court also harbors some doubts that Illinois *could* apply the fiduciary-shield law, as so doing would seem to interfere with the operation of federal law. *See* U.S. Const. art. VI. But this is yet another issue the court need not resolve at this juncture.

is needed to determine what sorts of personnel classification decisions defendant Abedi even made; in other words, the court needs to determine whether his conduct is even plausibly covered by the FLSA. Jurisdictional discovery on that issue is therefore necessary and appropriate.

The fiduciary shield doctrine might not apply for a second reason that requires fact finding to sort out. Abedi is alleged to be the "sole owner, CEO, and founder" of defendant Scarlet. [77] ¶ 48(a). At least some Illinois appellate courts have held that the "doctrine is inapplicable to proprietors, partners, or comanaging members of a limited liability corporation." *Khan v. Gramercy Advisors, LLC*, 2016 IL App (4th) 150435, ¶ 85 (analyzing *Rollins*). The reason given is that the comanaging member of an LLC is "presumably . . . entitled to share in its profits, as a partner would be entitled to share in the profits of a partnership," and therefore when a comanaging member acts "he must . . . be[] acting in his own personal interest, as much as in the interest of [the LLC]." *Id.* While not a definitive statement of Illinois law, and while defendant Scarlet is not an LLC, this suggests that Abedi might be subject to the same exception to the fiduciary shield doctrine by virtue of his position in Scarlet. Abedi is alleged to be the sole owner (and thereby stakeholder) in Scarlet. [77] ¶ 48(a). Moreover, he is alleged to exercise operational control over the company. *Id.* In similar circumstances, courts have found that the fiduciary shield doctrine does not apply to executives in an incorporated company for reasons similar to those explained in *Khan. See Consumer Benefit Servs., Inc. v. Encore Mktg. Int'l, Inc.*, No. 01 C 6985, 2002 WL 31427021, at *3 (N.D. Ill. Oct. 30, 2002) (St. Eve, J.) (collecting cases).

The degree of Abedi's control may very well impact personal jurisdiction. But defendant challenges aspects of Abedi's alleged control over Scarlet. [90] at 15. At this stage, however, the court does not commit to a view on exactly what degree and type of control, if any, would lower the fiduciary shield. That is because the complaint, as explained above, provides very little detail as to what Abedi actually did in his role at Scarlet. Thus, to avoid opining on hypothetical issues of control, jurisdictional discovery on that issue is necessary and appropriate too.

## CONCLUSION

For the reasons given, the court strikes the pending motion to dismiss [89] pending the completion of limited jurisdictional discovery.

Dated: 3/30/2026                                         /s/ Martha M. Pacold

5